UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLY JEAN L., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security <br><br> Defendant. | No. EDCV 18-1104-AGR <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff[1] filed this action on May 24, 2018. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.) On December 14, 2018, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for reconsideration of Dr. Quion's opinions and Plaintiff's credibility in light of Dr. Quion's opinions.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.

# PROCEDURAL BACKGROUND

On July 7, 2014, Plaintiff filed an application for disability insurance benefits and alleged an onset date of July 30, 2012. Administrative Record ("AR") 16. The application was denied initially and upon reconsideration. AR 16, 132, 144. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). On May 31, 2017, the ALJ conducted a hearing at which Plaintiff and a vocational expert ("VE") testified. AR 96-121. On July 10, 2017, the ALJ issued a decision denying benefits. AR 13-25. On March 30, 2018, the Appeals Council denied the request for review. AR 1-6. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation omitted).

## B. The ALJ's Findings

The ALJ found that Plaintiff meets the insured status requirements through December 31, 2017. AR 18.

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[2] the ALJ found that Plaintiff has the severe impairments of diabetes mellitus with diffuse polyneuropathy; chronic diabetic foot ulcers; bilateral carpal tunnel syndrome; L5-S1 radiculopathy; chronic kidney disease; and obesity. AR 18. Plaintiff has the residual functional capacity ("RFC") to perform light work except that she is limited to standing/walking for two hours in an eight-hour workday with a maximum of 20 minutes at one time; no foot controls with the right foot; sitting for six hours in an eight-hour workday; occasional postural activities; occasional use of bilateral hands; and no forceful grasping or torquing with the hand (such as when opening a tight jar). She must avoid hazardous machinery and unprotected heights, and cannot climb ladders, ropes or scaffolds. AR

---

[2] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

20. The ALJ found that Plaintiff is able to perform her past relevant work as a general manager of a hotel as generally performed. AR 24-25.

## C. Treating Physician

The ALJ gave substantial weight to treating physician Dr. Quion's opinion that Plaintiff is limited to occasional handling, fingering and reaching. AR 23. The ALJ gave little weight to the remainder of Dr. Quion's opinions as "overly restrictive given the claimant's activities of daily living and mostly conservative treatment." AR 23-24. Plaintiff contends the ALJ erred.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted).

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). "'The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.'" *Ryan v. Comm'r*, 528 F.3d 1194, 1202 (9th Cir. 2008) (citation and emphasis omitted). However, a non-examining physician's opinion may serve as substantial evidence when it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation

and quotation marks omitted). Harmless error applies to social security cases. *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015).

Dr. Quion reported seeing Plaintiff every six months during June 24, 2014 through March 1, 2017. AR 939. Plaintiff reported feeling constant pins and needles in all extremities due to diabetic neuropathy, and was on a high dose of gabapentin. AR 940. Dr. Quion opined that Plaintiff could sit for two hours and stand/walk for less than one hour in an eight-hour workday. After two hours of sitting, Plaintiff would need to get up and move around for about 15 minutes. She could frequently lift/carry up to five pounds, occasionally lift up to 20 pounds, and never lift more than 20 pounds. AR 941. She could occasionally handle, finger and reach. Her pain and fatigue would frequently be severe enough to interfere with attention and concentration. She would need a 30-minute break after two hours of work. AR 942. She would likely be absent more than three times per month. Dr. Quion noted that Plaintiff previously took morphine. Although Dr. Quion switched Plaintiff to gabapentin, it did not help much and neuropathy is "still a big problem." AR 943.

The ALJ discounted Dr. Quion's opinions due to conservative treatment and inconsistency with Plaintiff's activities of daily living. AR 23-24. Dr. Quion diagnosed diabetes and diabetic peripheral neuropathy, and in June 2014 prescribed gabapentin 600 mg three times per day and morphine concentrate 20 mg every four hours. AR 840. In July 2014 and January 2015, Dr. Quion noted a diabetic ulcer on the left big toe, referred her to a wound clinic and diagnosed peripheral vascular disease. AR 842, 844. In January 2016, Dr. Quion increased gabapentin to 800 mg three times per day. AR 846. Plaintiff remained on a morphine pump. AR 1011. The diabetic ulcer on the left toe did not heal. *E.g.*, AR 857. Surgery was scheduled in June 2017. AR 947. The court cannot characterize a morphine pump combined with high doses of gabapentin as "conservative treatment." *See Lamoureaux v. Astrue,* 2012 U.S. Dist. LEXIS 28586, *24 (D. Or. Feb. 13, 2012) (declining to characterize morphine pump as conservative treatment).

5

Defendant argues that any error was harmless. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (applying harmless error analysis when treating physician's opinion is not even mentioned). Defendant contends the ALJ's finding that Dr. Quion's opinions are inconsistent with Plaintiff's activities of daily living is supported by substantial evidence. The ALJ found that Plaintiff was able to care for her daughter who has spina bifida, care for her pets (three dogs and one cat), shop for groceries, clean her home, do the laundry, drive a car, and water the lawn and plants. AR 19, 22. Plaintiff testified that she does laundry for two hours twice per week, and dusts for one hour once per week. AR 301. Plaintiff testified that she can lift 10-15 pounds, and carries groceries from the car to her home once per week. She drives for 30 minutes, stops to walk around "for a few minutes" and continues. AR 298, 793. She walks short distances, waters the plants and grass for 30 minutes and cleans her house, including vacuuming and mopping the floors for 30 minutes. AR 297-98. She cares for her daughter, who has spina bifida.[3] AR 297. These activities of daily living combined are inconsistent with Dr. Quion's opinion that Plaintiff can stand/walk for less than one hour per day, but are not inconsistent with Dr. Quion's opinion that Plaintiff would need a 15-minute break for every two hours of sitting and a 30-minute break for every two hours of working in an 8-hour workday. AR 941-42. It appears from the vocational expert's testimony that this limitation may eliminate past relevant work or any work. AR 119. Therefore, the ALJ's error may not be harmless. This matter will be remanded to the Commissioner for further proceedings consistent with this opinion during the period beginning June 1, 2014.

---

[3] "Spina bifida is a 'condition in which part of one or more vertebrae fails to develop completely, leaving a portion of the spinal cord unprotected.'" *Lerma v. Colvin*, 2015 U.S. Dist. LEXIS 58870, *7_n.1 (C.D. Cal. May 4, 2015) ( (three quoting <u>The Merck Manual of Medical Information</u> 1236 (Home ed. 1997)). The record does not contain evidence about what Plaintiff does on a daily basis to care for her daughter.

### D. Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 22.

Second, when an ALJ concludes that a claimant is not malingering and has satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation omitted); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 806 F.3d at 493 (citation omitted). "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id.* (citation omitted).

The ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not consistent with the objective medical evidence and other evidence, including inconsistencies in Plaintiff's statements in the record. AR 22. Although the fact that the objective medical evidence does not support the severity of the subjective allegations cannot form the sole basis for discounting testimony, "it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Because this matter is being

remanded for reconsideration of Dr. Quion's opinions, the Commissioner is free to reevaluate Plaintiff's credibility as well.

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for reconsideration of Dr. Quion's opinions and Plaintiff's credibility in light of Dr. Quion's opinions.

DATED: February 20, 2019

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge